UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TEMPEST STORM RENTALS, LLC**                    CIVIL ACTION

**VERSUS**                                                      NO: 24-2421

**ASOMEO ENVIRONMENTAL
RESTORATION INDUSTRY LLC,**                    SECTION: "H"

## ORDER AND REASONS

Before the Court is Plaintiff Tempest Storm Rentals, LLC's Motion for Default Judgment (Doc. 8). For the following reasons, this Motion is **GRANTED IN PART**.

## BACKGROUND

Plaintiff Tempest Storm Rentals, LLC ("Tempest") alleges that it entered into a Master Equipment Rental Agreement (the "Agreement") with Defendant Asomeo Environmental Restoration Industry LLC ("AERI") in which it agreed to lease AERI trucks and other equipment. The parties executed the Agreement on September 6, 2023, and Plaintiff continued to rent equipment to Defendant until May 2024. Plaintiff alleges that Defendant has failed to pay $667,853.74 in rental fees invoiced to it during that time period.

On October 7, 2024, Plaintiff filed this action alleging breach of contract and suit on open account under Louisiana law against Defendant. Defendant was served by long arm service on October 16, 2024. Defendant has not filed an answer or otherwise appeared in this action.

1

On December 12, 2024, Plaintiff moved for entry of default, and the Clerk of Court entered default against the Defendant on December 13, 2024. Plaintiff then filed the instant Motion for Default Judgment. Plaintiff requests that the Court enter a judgment in its favor and against Defendant in the amount of $667,853.74, plus attorney's fees and costs associated with collection, and late fees at a rate of 1.5% per month.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes the clerk to make an entry of default against defendants who fail to answer or otherwise defend a plaintiff's complaint within the required time period.[1] An entry of default results in a plaintiff's well-pleaded factual allegations being deemed admitted.[2] Nevertheless, a defendant against whom a default has been entered "is not held to admit facts that are not well-pleaded or to admit conclusions of law."[3]

Following the entry of default, a plaintiff may move for default judgment against the defendant in default.[4] "[A] defendant's default does not in itself warrant the court in entering a default judgment" as "[t]here must be a sufficient basis in the pleadings for the judgment entered."[5] Although judgments by default are "generally disfavored,"[6] the decision to enter default judgment is within the sound discretion of the trial court.[7] If the plaintiff's

---

[1] FED. R. CIV. P. 55.
[2] Meyer v. Bayles, 559 F. App'x 312, 313 (5th Cir. 2014) (citing Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).
[3] *Nishimatsu*, 515 F.2d at 1206.
[4] FED. R. CIV. P. 55(b)(2).
[5] *Nishimatsu*, 515 F.2d at 1206.
[6] Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).
[7] Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977)).

claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment.[8]

The Court is entitled to consider several factors when determining whether to enter a default judgment, including, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion."[9]

The Fifth Circuit has acknowledged that an evidentiary hearing can be held when the damages claimed are unliquidated.[10] However, an evidentiary hearing is unnecessary when the amount of damages claimed is a liquidated sum or an amount "capable of mathematical calculation."[11]

## LAW AND ANALYSIS

Plaintiff requests a default judgment against Defendant, claiming it has failed to file responsive pleadings or appear in this case. The Court must first examine its jurisdiction over this subject matter and the parties before proceeding to the merits of Plaintiff's Motion for Default Judgment.[12]

### I.    Subject Matter Jurisdiction

Subject matter jurisdiction in this case is premised upon diversity of citizenship.[13] Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship. Plaintiff Tempest is a limited liability company wholly owned by

---

[8] FED. R. CIV. P. 55(b)(1).

[9] Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

[10] James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

[11] *Id.*

[12] Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY, 242 F.3d 322, 324 (5th Cir. 2001).

[13] *See* 28 U.S.C. § 1332.

William Cain and Stephanie Cain, citizens of the State of Louisiana. Defendant AERI is a limited liability company owned by its three members: Marc Marling, a citizen of Virginia; Vanessa Marling, a citizen of New Jersey; and Maritime Equities LLC, whose members are citizens of New York and Kosovo.[14] Accordingly, complete diversity is present. Further, the amount in controversy exceeds the sum of $75,000, as evidenced by Plaintiff's demand for judgment in the amount of $667,853.74.

## II. Personal Jurisdiction

Next, the Court must consider personal jurisdiction over Defendant. "A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the forum state's exercise of jurisdiction complies with due process."[15] Because Louisiana's long-arm statute extends jurisdiction to the limits of due process,[16] the Court need only determine if subjecting the Defendant to suit in Louisiana would offend the Due Process Clause of the 14th Amendment.[17] To satisfy the requirements of the Due Process Clause, a nonresident defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[18] A defendant's minimum contacts satisfy traditional notions of fair play and substantial justice if "the defendant's conduct and

---

[14] Plaintiff's Complaint alleges that Maritime Equities LLC's members are Sal Rusi, a citizen of New York, and Fundway LLC, a Kosovo limited liability company. The members of Fundway LLC are Akan Ismaili, a citizen of Kosovo, and Bujar Musa, a citizen of Kosovo.
[15] Joe Hand Promotions, Inc. v. Ashby, No. 13-4747, 2014 WL 1330027, at *2 (E.D. La. Apr. 2, 2014) (citing Latshaw v. Johnson, 167 F.3d 208, 211 (5th Cir. 1999)).
[16] See LA. REV. STAT. § 13:3201.
[17] Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 336 (5th Cir. 1999).
[18] Id. at 336 (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940).

connection with the forum state are such that [the defendant] should reasonably anticipate being haled into court there."[19]

The Supreme Court has held that "with respect to interstate contractual obligations … parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other state for the consequences of their activities."[20] In the Fifth Circuit, "when a nonresident defendant takes 'purposeful and affirmative action,' the effect of which is 'to cause business activity, foreseeable by (the defendant), in the forum state, such action by the defendant is considered a 'minimum contact' for jurisdictional purposes.[21]

Here, Defendant reached out and created a continuing contractual relationship and obligations with Plaintiff, a Louisiana citizen, to rent trucks and equipment. In addition, the Agreement between the parties provides for St. Tammany Parish, Louisiana, to be the exclusive jurisdiction and venue for any disputes arising out of the Agreement, and Defendant expressly waived any objection thereto in the Agreement. A party can "expressly consent to personal jurisdiction in, for example, a contract."[22] For these reasons, the Court has personal jurisdiction over Defendant.

---

[19] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (quoting World–Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980)).

[20] *Id.* at 473 (quoting Travelers Health Ass'n v. Virginia, 339 U.S. 643, 647 (1950)); *see also* Cent. Freight Lines Inc. v. APA Transp. Corp., 322 F.3d 376, 382 (5th Cir. 2003) (finding that the defendant, who deliberately communicated with plaintiff by telephone and mail with the intention of entering into a long-standing contractual relationship, should have reasonably anticipated being haled into court in Texas on a breach of contract claim despite never physically entering the State of Texas to deliver freight to customers).

[21] Miss. Interstate Express, Inc. v. Transpo, Inc., 681 F.2d 1003, 1007 (5th Cir.1982) (quoting Marathon Metallic Bldg. Co. v. Mountain Empire Const. Co., 653 F.2d 921, 923 (5th Cir. 1981)).

[22] Sec. & Exch. Comm'n v. Stanford Int'l Bank, Ltd., 112 F.4th 284, 295 (5th Cir. 2024).

## III.   Venue

"A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated."[23] "However, parties may consent to a venue that is not expressly authorized by statute. . . . It is well-settled [law] that venue is proper in any district agreed to under a forum selection clause."[24] Here again, the Agreement provides for the exclusive venue for disputes arising out of the Agreement to be a "court of competent jurisdiction for St. Tammany Parish, Louisiana." Therefore, venue is proper in this district.

## IV.   Plaintiff's Claims

The record reflects that Defendant was served with the summons and complaint and has failed to appear, plead, or otherwise defend itself in this action. The Court also finds that jurisdiction and venue are proper in this district. Accordingly, this Court will award a default judgment in Plaintiff's favor if the facts alleged in the Complaint constitute a legitimate cause of action.[25] The Court must therefore determine whether, accepting the well-pleaded factual allegations in the Complaint as true, Plaintiff is entitled to a judgment against Defendant. Here, Plaintiff brings claims for open account and breach of contract.

### a.  Suit on Open Account

Under Louisiana law, an open account is defined as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting

---

[23] 28 U.S.C. § 1391(B)(2).

[24] J.D. Fields & Co. v. Shoring Eng'rs, 391 F. Supp. 3d 698, 705 (S.D. Tex. 2019).

[25] *See* Farrell v. Landrieu, No. 14-0072, 2016 WL 1714227, at *2 (E.D. La. Apr. 1, 2016).

the parties expected future transactions."[26] To recover on an open account, "the creditor must first prove the account by showing that it was kept in the course of business and by introducing supporting testimony regarding its accuracy."[27] The burden then "shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits."[28]

Plaintiff's Complaint establishes that it sent Defendant written demand for the $667,853.74 owed in past due rental fees and that such has not been paid. Plaintiff submits as evidence the Agreement, the unpaid invoices, the demand letter, and an affidavit of Plaintiff's Corporate Controller, Stephen Sanders, who states that the invoices are business records. Plaintiff has therefore met its burden to recover on the open account, and the Court finds that Plaintiff is entitled to an award of damages. Accordingly, Plaintiff is entitled to a judgment in the amount of $667,853.74, which has been established by the affidavit and invoices attached to the Motion.

Pursuant to Louisiana law, a claimant may also recover reasonable attorney's fees for the prosecution and collection of an open account claim.[29] Louisiana Revised Statutes § 9:2781 provides that:

> when any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.[30]

---

[26] *Id.* (citing LA. REV. STAT. § 9:2781(D)).
[27] Bisso & Miller, LLC v. Marsala, 215 So. 3d 469, 472 (La. App. 5 Cir. 2017); *see also* CACV of Colo., LLC v. Spiehler, 11 So. 3d 673, 675 (La. App. 3 Cir. 2009); Newman v. George, 968 So. 2d 220, 224 (La. App. 4 Cir. 2007).
[28] *Bisso & Miller*, 215 So. 3d at 472.
[29] Factor King, LLC v. Block Builders, LLC, 193 F. Supp. 3d 651, 658 (M.D. La. 2016).
[30] LA. REV. STAT. § 9:2781.

Accordingly, Plaintiff is also "entitled to recover reasonable attorney's fees, costs, and prejudgment and post judgment legal interest in obtaining this Judgment."[31] The Court must determine the reasonableness of the attorney's fees and costs sought. To calculate an attorney's fees award, the district court first calculates the "lodestar."[32] The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate.[33] However, the Court retains broad discretion in setting the appropriate award of attorney's fees.[34]

In calculating the number of hours reasonably expended on the litigation, whether the total number of hours claimed were reasonable, and whether specific hours claimed were reasonably expended, the court must first ascertain the nature and extent of the services supplied by Plaintiff's attorneys.[35] Plaintiff reports that it has incurred attorney's fees and costs in the amount of $12,500. However, Plaintiff does not detail the hourly billing rate, nor the number of hours spent on the litigation. Accordingly, there is insufficient information before this Court to determine the reasonableness of the amount of attorney's fees and costs requested.

Further, Plaintiff seeks an additional $50,000 for additional attorney's fees that it anticipates incurring in collecting on this judgment in California. "A request for future anticipated attorney fees is not well-taken."[36] "The court has no way of assessing whether these fees are reasonable, as the events upon

---

[31] Int'l Constr. Equip., Inc. v. Laborde Constr. Indus., L.L.C., No. 15-433, 2016 WL 4480689, at *3 (M.D. La. Aug. 24, 2016).

[32] Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996).

[33] Hensley v. Eckerhart, 461 U.S. 424, 433–34 (1983).

[34] Id. at 437.

[35] Id. at 438.

[36] SBA Towers III LLC v. Louisiana Callcomm, LLC, No. 1:13CV288-HSO-RHW, 2014 WL 12705048, at *1 (S.D. Miss. Feb. 13, 2014).

which such fees are based have not yet occurred."[37] Accordingly, this request is denied. If additional attorney's fees are incurred, Plaintiffs may move for an award of additional fees at that time.

b. *Breach of Contract*

"In order to recover for breach of contract under Louisiana law, the plaintiff must prove: (1) the obligor's undertaking of an obligation to perform; (2) that the obligor failed to perform the obligation (i.e. breach); and (3) that the breach resulted in damages to the oblige."[38] Here, Plaintiff has shown that the parties executed the Agreement whereby, in exchange for renting Plaintiff's equipment, Defendant agreed to pay all rental fees within 30 days of the invoice date or incur a late fee in the amount of 1.5% per day of the unpaid balance for any amount that was five or more days past due. Plaintiff has also shown that Defendant breached this obligation by failing to pay the rental fees owed, damaging it in the amount of $667,853.74. Accordingly, Plaintiff has shown a breach of contract. Plaintiff is therefore entitled to the contractual late fees in the Agreement, which continue to accrue. At the time of the filing of this Motion, an additional $20,035.61 in late fees had already accrued, and this amount is owed to Plaintiff in addition to the unpaid rental fees.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED IN PART**. Judgment shall be entered against Defendant Asomeo Environmental Restoration Industry LLC in the amount of $687,889.35, plus prejudgment and post judgment interest and late fees, for unpaid accounts and

---

[37] IBEW-NECA Sw. Health & Ben. Func v. Anahuac Elec., Inc., No. CIV.A.3:02CV2048L, 2003 WL 21294757, at *2 (N.D. Tex. May 30, 2003).
[38] SnoWizard, Inc. v. Robinson, 897 F. Supp. 2d 472, 478 (E.D. La. 2012).

breach of contract. In addition, Plaintiff shall be awarded reasonable attorney's fees and costs pursuant to Louisiana Revised Statutes § 9:2781. Plaintiff shall file an Affidavit of Attorney's Fees and Costs incurred in obtaining this Judgment within 20 days of this Order so that reasonable attorney's fees may be calculated. The affidavit should detail, at minimum, the number of hours expended on the litigation and the hourly billing rate.

New Orleans, Louisiana this 28th day of April, 2025.

**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

10